IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 1:18-cv-3469 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| VLADIMIR GOROKHOVSKY, ) | |
| LARISSA OCHERETNER, ) | |
| WELLS FARGO BANK, NA, and ) | |
| THE RESIDENCES AT HUDSON & HURON ) | |
| CONDOMINIUM ASSOCIATION, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT

Plaintiff United States of America makes the following allegations for its complaint against defendants.

1. The United States brings suit to: (1) obtain a judgment enforcing its federal tax liens against a real property located at 451 W Huron Street, Unit 1402, in Chicago, Illinois, and which is further described herein; (2) obtain an order authorizing the sale of the property; and (3) have the proceeds from the sale of the property distributed in amounts and priority determined by the Court.

**Jurisdiction and Venue**

2. This action is commenced at the request of and has been authorized by a delegate of the Secretary of the Treasury, and is brought at the direction of a delegate of the United States Attorney General pursuant to 26 U.S.C. §§ 7401 and 7403.

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7403.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because this is the district where the property at issue is situated.

**Parties**

5. Plaintiff is the United States of America.

6. Defendant Vladimir Gorokhovksy, whose federal income tax liabilities form the basis for the federal tax liens that are the subject of this action, resides in Ozaukee County, Wisconsin.

7. Defendant Larissa Ocheretner is named as a defendant pursuant to 26 U.S.C. § 7403(b) because she may claim an interest in the property at issue.

8. Defendant Wells Fargo Bank, NA, is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the property at issue.

9. Defendant The Residences at Hudson & Huron Condominium Association ("Hudson") is named as a defendant pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the property at issue.

**The Federal Tax Liens Arising from Vladimir Gorokhovsky's Federal Tax Debts**

10. On the dates and for the years set forth below, a delegate of the Secretary of the Treasury made assessments against defendant Vladimir Gorokhovsky for federal income taxes, interest, and penalties. The balance due on these assessments, including interest and statutory additions as of April 11, 2018, is set forth below.

| Tax Year | Assessment Dates | Amounts Due as of April 11, 2018 |
|---|---|---|
| 2003 | 2/6/2013 | $1,043.18 |
| 2004 | 2/6/2013 | $42,332.23 |
| 2006 | 11/29/2013 | $86,800.47 |
| 2007 | 11/29/2013 | $120,531.82 |
| 2008 | 11/29/2013 | $77,928.24 |
| 2010 | 11/28/2011 & 8/18/2014 | $37,760.11 |
| 2011 | 11/12/2012 & 8/18/2014 | $24,064.60 |
| 2012 | 11/18/2013 | $2,264.95 |
| 2013 | 11/24/2014 & 3/6/2017 | $53,452.73 |
| 2014 | 11/9/2015 & 3/6/2017 | $20,015.46 |
| 2015 | 11/21/2016 | $3,313.68 |
| 2016 | 11/20/2017 | $3,669.54 |
| | Total: | $473,177.01 |

11. Interest and statutory additions on the liabilities referenced in paragraph 10 above will continue to accrue until the liabilities are paid in full.

12. Notices of the assessments referred to in paragraph 10 above and demands for payment thereof were sent to Gorokhovsky by the Internal Revenue Service on or about the dates of the assessments.

13. Despite notices and demands for payment of the assessments referred to in paragraph 10, Gorokhovsky has failed to fully pay the amounts owed by him.

14. Based on the assessments described in paragraph 10 above, and pursuant to 26 U.S.C. §§ 6321 and 6322, after notice and demand and Gorokhovsky's failure to pay, federal tax liens arose as of the dates of assessments in the amount of the assessments, plus all additions

accruing thereon under law, including penalties and interest. The tax liens attached to all property and rights to property that Gorokhovsky then owned or thereafter acquired.

## Gorokhovsky's Pending Bankruptcy Case

15. On September 8, 2017, Gorokhovsky filed a chapter 7 voluntary bankruptcy petition with the U.S. Bankruptcy Court for the Eastern District of Wisconsin. *See* Voluntary Pet., *In re Gorokhovsky*, ECF No. 1, Bankr. No. 17-28901.

16. On February 13, 2018, the United States filed a motion with the bankruptcy court to lift the automatic stay to allow the United States to file notices of federal tax liens against Gorokhovsky and to pursue *in rem* collection against the real properties listed on his bankruptcy schedules. *See* Mot. for Relief from Stay as to Debtor's Real Properties, ECF No. 33, *In re Gorokhovsky*, Bankr. No. 17-28901.

17. On March 14, 2018, the bankruptcy court granted the United States' motion and modified the bankruptcy stay of 11 U.S.C. § 362 to permit the United States to exercise its rights and remedies with respect to Gorokhovsky's real properties, including authorizing the United States to exercise its right to file notices of federal tax liens against Gorokhovsky and against nominees holding title to his real properties, and to pursue *in rem* collection of Gorokhovsky's real properties by filing suit to enforce the United States' federal tax liens under 26 U.S.C. § 7403. *See* Ct. Mins. and Order from 3/14/2017 Hr'g Granting Mot. for Relief From Automatic Stay, ECF No. 48, *In re Gorokhovsky*, Bankr. No. 17-28901. The court further ordered that its order modifying the bankruptcy stay was effective immediately. A copy of the court's ruling is attached as Exhibit A to this complaint.

18. On March 19, 2018, the bankruptcy court issued a memorandum opinion supplementing its earlier ruling. *See* Mem. Decision on the U.S.' Mot. for Relief from Stay, ECF No. 51, *In re Gorokhovsky*, Bankr. No. 17-28901.

**COUNT I: ENFORCE FEDERAL TAX LIENS AGAINST PROPERTY LOCATED IN COOK COUNTY, ILLINOIS**
**26 U.S.C. § 7403**

19. The United States incorporates by reference paragraphs 1 through 18 set forth above.

20. By warranty deed dated November 30, 2007, title to the real property at issue in this suit was placed in the name of defendant Larissa Ocheretner. The property is a condominium located at 451 W Huron St, Unit 1402, Chicago, Illinois ("the Chicago Property") and has a legal description as follows.

> UNIT 1402 AND P-140 TOGETHER WITH ITS UNDIVIDED PERCENTAGE INTEREST IN THE COMMON ELEMENTS IN THE RESIDENCES AT HUDSON AND HURON CONDOMINIUMS, AS DELINEATED AND DEFINED IN THE DECLARATION RECORDED AS DOCUMENT NUMBER 0723215040 IN THE EAST HALF OF THE NORTHWEST QUARTER OF SECTION 9, TOWNSHIP 39 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

21. In or around August 2004, the IRS began examining Gorokhovsky's federal income tax return for the 2003 tax year.

22. Gorokhovsky and Ocheretner were married in or around November 2005 and were divorced in or around February 2011.

23. As part of the division of property attendant to their divorce, Gorokhovsky was awarded all right, title and interest in the Chicago Property. The marital settlement agreement provided that Gorokhovsky "shall prepare quit-claim deeds for [Ocheretner] to execute transferring the property" to Gorokhovsky or his designee.

24. Despite the division of property ordered pursuant to the divorce case referenced above, Gorokhovsky has left title to the Chicago Property in Ocheretner's name.

25. On September 13, 2017, Gorokhovsky filed bankruptcy schedules in connection with his voluntary Chapter 7 bankruptcy petition, providing information about his assets and liabilities. *See* Summ. of Assets and Liabilities, etc. ECF No. 10, *In re Gorokhovsky*, Bankr. No. 17-28901.

26. Gorokhovksy amended his bankruptcy schedules on February 6, 2018. *See* Am. Schedule A/B, ECF No. 31-1 at 3-4, *In re Gorokhovsky*, Bankr. No. 17-28901.

27. On both his original and amended schedules, Gorokhovsky listed the Chicago Property as a property he owns or in which he has a legal or equitable interest. *See* Summ. of Assets and Liabilities, etc. ECF No. 10 at 3 (filed Sept. 17, 2017) and Am. Schedule A/B, ECF No. 31-1 at 3 (filed Feb. 6, 2018), *In re Gorokhovsky*, Bankr. No. 17-28901. On his amended schedules, Gorokhovksy stated that he owns the Chicago Property in fee simple. Gorokhovsky signed both his original and amended schedules under penalty of perjury.

28. Since 2007, Gorokhovsky has personally used the Chicago Property while visiting Chicago and practicing law there.

29. Gorokhovsky exercises dominion and control over the Chicago Property.

30. Gorokhovksy is the true equitable or beneficial owner of the Chicago Property. Ocheretner holds bare legal title to the Chicago Property as Gorokhovsky's nominee.

31. As of the dates of assessments listed in paragraph 10, the federal tax liens described in paragraph 14 attached to Gorokhovsky's interest in the Chicago Property.

32. The United States' federal tax liens attach to the Chicago Property because Gorokhovsky is the equitable or beneficial owner of the property.

33. On March 16, 2018, the IRS filed notices of the federal tax liens against Gorokhovsky's property, and notices of the federal tax liens against Gorokhovsky's property, naming Ocheretner as Gorokhovsky's nominee, with the Cook County Register of Deeds, with recording numbers 1807519017, 1807519018, and 1807519019.

34. Because of the foregoing, the United States' federal tax liens should be enforced against the Chicago Property through a court-ordered sale of the property.

WHEREFORE, the United States requests that the Court enter judgment in favor of the United States on Count I as follows:

　　a) Declaring that the United States has valid and subsisting federal tax liens for the liabilities described herein against all property and rights to property of Vladimir Gorokhovsky as of the dates of the assessments made against him;

　　b) Declaring and adjudging that Gorokhovsky is the true beneficial owner of the Chicago Property and the United States' federal tax liens attach to Gorokhovsky's interest in the Chicago Property;

　　c) Declaring that Ocheretner holds bare legal title to the Chicago Property as Gorokhovsky's nominee;

　　d) Ordering that any defendant claiming an interest in the Chicago Property affirmatively demonstrate that interest;

　　e) Adjudicating the parties' interest(s) in the Chicago Property;

　　f) Ordering that the federal tax liens be enforced against the Chicago Property, that any persons occupying the Chicago Property leave and vacate the Property, and that the Chicago Property be sold at a public sale;

g) Ordering that the Chicago Property be sold free and clear of all liens, claims, and interests of the parties to this action, and awarding the proceeds of the sale as follows: (i) first, to the United States for administrative costs of the sale; (ii) second, awarding the balance in accordance with the Court's determination of the parties' interests in the property; and

h) Granting the United States its costs incurred in the commencement and prosecution of this action and such other and further relief as the Court deems proper and just.

DATED: May 16, 2018

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Erin Lindgren*
ERIN LINDGREN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, D.C. 20044
202-353-0013 (v)
202-514-6770 (f)
Erin.Lindgren@usdoj.gov

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN**
Court Minutes and Order

| | |
|---|---|
| CHAPTER: | 7 |
| DATE: | March 14, 2018 |
| JUDGE: | Beth E. Hanan |
| CASE NO.: | 17-28901-beh |
| DEBTOR: | Vladimir M. Gorokhovsky |
| NATURE OF HEARING: | United States' motion for relief from stay |
| APPEARANCES: | Erin Lindgren, for the United States |
| | Vladimir M. Gorokhovsky, debtor *pro se* (appeared one hour late) |
| COURTROOM DEPUTY: | Betsy Skibicki |
| LAW CLERK: | Meaghan Burnett |

On March 14, 2018, the court held a hearing on the United States' motion for relief from the automatic stay to allow the United States to (1) file notices of federal tax liens against the debtor, and against nominees holding title to the debtor's property, and (2) allow the United States to pursue *in rem* collection of the debtor's real property by taking any legal action, including filing suit to enforce the United States' federal tax liens under 26 U.S.C. § 7403. The United States filed its motion on February 13, 2018, so the court held the hearing on the 29th day after the filing.[1]

The United States' motion concerns three real properties in which the debtor holds an interest (collectively, the "Properties"):

1. 10919 N. Hedgewood Lane, Mequon, WI 53092, located in Ozaukee County, Wisconsin, and titled in the name of the debtor's ex-wife;

2. 451 Huron Street #1402, Chicago, IL 60654, located in Cook County, Illinois, and titled in the name of the debtor's ex-wife; and

3. 4275 W. Cherrywood Lane, Milwaukee, WI 53209, located in Milwaukee County, Wisconsin, and titled in the name of a defunct LLC owned by the debtor.

---

[1] Under 11 U.S.C. section 362(e)(1), the court must hold a hearing or rule on a motion for relief from stay of any act against property of the estate within 30 days, otherwise the stay will terminate as a matter of law. On the morning of the hearing, the chapter 7 trustee filed a statement of abandonment, abandoning the real properties at issue—which removed them from the estate and rendered them property of the debtor. As a result, there is an argument that section 362(e)(1) did not require the court to continue the stay within 30 days, to prevent its automatic lapse. *Compare* 11 U.S.C. §§ 362(e)(1) and (e)(2). Nevertheless, the court found no reason to delay ruling on the motion, despite the debtor's belated appearance at the hearing, because a full consideration of the circumstances warranted a prompt ruling at the previously-noticed hearing time.

**Government Exhibit A**

The court asked Attorney Lingdren to respond to a number of arguments in the debtor's written objection to the motion. Mr. Gorokhovsky made a late appearance at the hearing, even though the court delayed the scheduled start time by 15 minutes and chambers staff tried to reach the debtor by phone.

After considering the written submissions, as well as the statements at the hearing and the record as a whole, the court issued an oral ruling granting the United States' motion. An audio recording of the hearing is available on the docket. The court reserves its right to issue a full memorandum decision in support of its oral ruling.

For the reasons stated on the record at the hearing,

IT IS HEREBY ORDERED that the stay of 11 U.S.C. § 362 is modified to permit the United States to exercise its rights and remedies with respect to the Properties under applicable nonbankruptcy law, including its right to file notices of federal tax liens against the debtor, and against nominees holding title to the Properties, and further to pursue *in rem* collection of the Properties by filing suit to enforce the United States' federal tax liens under 26 U.S.C. § 7403.

IT IS FURTHER ORDERED that this Order is effective immediately and is not stayed for 14 days pursuant to Bankruptcy Rule 4001(a)(3).

It is so ordered.

Dated: March 14, 2018

By the Court:

_____
Beth E. Hanan
United States Bankruptcy Judge